IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY JOSEY, | ) | |
|     Plaintiff, | ) | C.A. No. 14-158 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| UNIT MANAGER J.A. BERTOLINI, et al., | ) | Magistrate Judge Baxter |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

United States Magistrate Judge Susan Paradise Baxter

**I.  INTRODUCTON**

    Plaintiff Leroy Josey, an inmate incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania, filed this *pro se* civil rights action on June 3, 2014. On July 9, 2014, this Court issued an Order directing Plaintiff to provide USM-285 form service instructions to the United States Marshal for each Defendant so that Defendants can be properly served with the complaint in this matter [ECF No. 6].

    On August 8, 2014, this Court received a letter from the U.S. Marshal indicating that the required service instructions were never provided by Plaintiff in accordance with this Court's Order [ECF No. 8]. On January 28, 2015, this Court issued a text Order directing Plaintiff to provide the Marshal with the necessary service instructions within fourteen (14) days of the date of the Order or suffer dismissal of this case for failure to prosecute. To date, Plaintiff has continued his failure to provide the required service instructions to the United States Marshal to allow this case to proceed.

**II.  DISCUSSION**

    The United States Court of Appeals for the Third Circuit has set out a six-factor

1

balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to comply with multiple Orders of this Court. Alternative sanctions, such as monetary penalties, are deemed inappropriate. Thus, this case will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY JOSEY,<br>      Plaintiff<br><br>v.<br><br>UNIT MANAGER J.S. BERTOLINI,<br>et al.,<br>      Defendants. | C.A. No. 14-158 Erie<br><br>Magistrate Judge Baxter |

## **ORDER**

AND NOW, this 9th day of March, 2015,

IT IS HEREBY ORDERED that this *pro se* civil rights action is dismissed due to Plaintiff's failure to prosecute.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge